IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Luis Armondo Irizarry, | ) Case No. 6:11-cv-02403-TMC-JDA |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| County of Greenville, State of South Carolina[1]; and J.F. Hamlett, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' motion to dismiss. [Doc. 11.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on July 14, 2011 in the Court of Common Pleas, Richland County, South Carolina. [Doc. 1-1.] Defendants removed the action to this Court on September 8, 2011 [Doc. 1] and filed their motion to dismiss on September 15, 2011 [Doc. 11]. By Order filed September 16, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 14.] Plaintiff filed a response on October 20, 2011 [Doc. 19], and Defendants filed a reply on October 31, 2011 [Doc. 23]. Accordingly, the motion is now ripe for review.

---

[1]Although the County of Greenville is named in the caption of the Complaint, the allegations in the Complaint concern the City of Greenville's municipal court and Plaintiff does not appear to make any allegations against the County of Greenville. Accordingly, it appears Plaintiff intended to bring his claims against the City of Greenville.

## BACKGROUND

Plaintiff alleges he was "arrested or otherwise unlawfully seized by Officer J.F. Hamlett who acted outside his authority resulting in the false arrest of Plaintiff because it violates the sep[a]ration of powers doctrine South Carolina Constitution Article 1 § 8 and constitutional law key 2330T2626 USCA 4." [Doc. 1-1 at 3.] Plaintiff alleges the arrest was unlawful because "[t]he warrant in this case was issued by the municipal court who must follow the same guid[e]lines of magistrate court that have exclusive jurisdiction in cases where the punishment does not exceed a fine of $500.00 or penalty of one year in jail." [*Id.*] Thus, Plaintiff claims "the municipal court failed to comply with the statutory requirements that w[ere] mandatory in nature and did not have jurisdiction to act." [*Id.*] Plaintiff seeks $50,000 in compensatory damages, $50,000 in punitive damages, and any other relief the Court deems just and fair. [*Id.* at 4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do

so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

3

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If, on a motion pursuant to Rule

4

12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

## **DISCUSSION**

In their motion to dismiss, Defendants argue the case should be dismissed because the claims are time barred by the applicable statute of limitations; Defendants are entitled to immunity for Plaintiff's claims; Plaintiff's allegations concerning the municipal court's lack of jurisdiction to issue an arrest warrant are incorrect as a matter of law; and Plaintiff failed to plead facts sufficient to constitute an action for false arrest. [Doc. 1.] The Court agrees the claims are barred by the applicable statute of limitations.[2]

Because § 1983 does not specify a statute of limitations, the Supreme Court has counseled that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (footnote omitted); *see Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78, 382 (2004); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period . . . ." (citations omitted)); *see also Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) ("In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions."); *Rozar*

---

[2]Because the Court concludes Plaintiff's § 1983 claim is barred by the statute of limitations, the Court declines to address Defendants' remaining arguments raised in their motion to dismiss.

*v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (citations omitted) (same); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 672–73 (9th Cir. 1991) (same). Further, "[i]f a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case." *McMorris v. Sherfield*, 2010 WL 5488905, at *3 (D.S.C. Aug. 30, 2010) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). "In other words, for statute of limitations purposes, a suit dismissed without prejudice is treated as if it had never been filed." *Id.*

In South Carolina, the residual statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530. The limitations period of S.C. Code Ann. § 15-3-530 begins to run when the plaintiff "knew or by the exercise of reasonable diligence should have known that he had a cause of action." *Gibson v. Bank of Am., N.A.*, 680 S.E.2d 778, 782 (S.C. Ct. App. 2009) (emphasis omitted). The test is an objective one, *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.*, 386 S.E.2d 798, 800 (S.C. Ct. App. 1989) (citing *Rogers v. Efird's Exterminating Co., Inc.*, 325 S.E.2d 541, 542 (S.C. 1985)); the limitations period begins to run when "the facts and circumstances of an injury would put a person of common knowledge and experience on notice . . . that some claim against another party might exist," *Snell v. Columbia Gun Exchange, Inc.*, 278 S.E.2d 333, 334 (S.C. 1981) (per curiam).

The warrant referenced by Plaintiff in the Complaint was issued by Judge Jennifer Presnell of the Greenville Municipal Court on May 16, 2007.[3] [Doc. 11-2 at 2.] Plaintiff was

---

[3]The Fourth Circuit has held that a court may consider a document referenced in, but not attached to, a complaint on a Rule 12(b)(6) motion if the document is integral to and explicitly relied upon in the complaint, and if the plaintiff does not challenge its authenticity. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Plaintiff refers to the warrant and arrest in his Complaint, relies on the warrant and arrest as the basis of his false arrest claim, and does not challenge the authenticity

6

served with the warrant and arrested on June 16, 2007. [Doc. 11-3 at 10.] Consequently, Plaintiff had until June 16, 2010 to file a § 1983 action concerning his false arrest claim. However, Plaintiff filed the Complaint on July 14, 2011. [Doc. 1-1.] Therefore, absent a circumstance warranting tolling, Plaintiff's § 1983 claims are time-barred.

In his response in opposition to the motion to dismiss, Plaintiff, relying on S.C. Code § 15-3-370, argues he "is labouring under a disability of incarceration because of this false and unlawful ar[r]est therefore any statute of limitations is therefore tolled until such disability is remove[d]." [Doc. 19 at 1.] Plaintiff's argument fails for two reasons. First, the cited statute applies to actions for recovery of real property and not to civil actions for damages.[4] S.C. Code § 15-3-370. Next, the statute does not provide for tolling for imprisoned persons. *Id.* Accordingly, Plaintiff has failed to establish sufficient facts to justify tolling the statute of limitations in this case.

---

of the warrant or arrest recorded included with Defendants' motion to dismiss. Accordingly, the Court may consider the warrant and arrest record under Rule 12(b)(6).

[4]S.C. Code § 15-3-370 provides,

> If a person entitled to commence any action for the recovery of real property, or make an entry or defense founded on the title to real property or to rents or services out of the same is, at the time the title shall first descend or accrue, either:
>
> (1) within the age of eighteen years; or
>
> (2) insane;
>
> the time during which the disability shall continue shall not be considered any portion of the time in this article limited for the commencement of the action or the making of the entry or defense, but the action may be commenced or entry or defense made after the period of ten years and within ten years after the disability shall cease or after the death of the person entitled who shall die under the disability. But the action shall not be commenced or entry or defense made after that period.

To the extent Plaintiff attempts to allege state law claims in addition to his § 1983 claim, such state law claims could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[5] Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." The Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 2, 2012
Greenville, South Carolina

---

[5] A civil action for Plaintiff's state law claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.