IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Luis Armondo Irizarry, | ) | |
| | ) | C/A No. 6:11-2403-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| County of Greenville[1], State of South Carolina, and J.F. Hamlett, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, filed this action on July 14, 2011, in the Court of Common Pleas, Richland County, South Carolina. (Dkt. # 1-1). Defendants removed the action to this Court on September 8, 2011 (Dkt. # 1) and filed their Motion to Dismiss on September 15, 2011. (Dkt. # 11). Plaintiff filed a response on October 20, 2011 (Dkt. # 19), and Defendants filed a reply on October 31, 2011. (Dkt. # 23).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On March 2, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Defendants' Motion to Dismiss be granted. (Dkt. # 26). The Report sets forth in detail the relevant facts and legal standards on this

---

[1] As noted by the Magistrate Judge in the Report, although the County of Greenville is named in the caption of the Complaint, the allegations in the Complaint concern the City of Greenville's municipal court, and Plaintiff does not appear to make any allegations against the County of Greenville. Accordingly, it appears Plaintiff intended to bring this action against the City of Greenville.

matter, and the court incorporates the Report without a recitation.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Plaintiff was advised of his right to file objections to the Report (Dkt. # 26-1). However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (Dkt. # 26) and incorporates it herein. It is

therefore **ORDERED** that the Defendants' Motion to Dismiss (Dkt. # 11) is **GRANTED**.

   **IT IS SO ORDERED.**

               s/Timothy M. Cain
               United States District Judge

March 26, 2012
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.